UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PRIORITY ONE SERVICES, INC.,

Petitioner,

v.

W&T TRAVEL SERVICES, LLC,

Respondent.

Civil Action No. 10-1873 (BAH)
Judge Beryl A. Howell

**MEMORANDUM OPINION**

Pending before the Court is petitioner Priority One Services, Inc.'s ("Priority One") petition for attorney's fees and costs, and respondent W&T Travel Services, LLC's ("W&T") opposition thereto. On August 23, 2011, the Court granted Priority One's request for all costs and attorney's fees associated with the filing of a sur-reply to address a frivolous argument proffered by W&T in its Reply in support of its Motion to Vacate, Modify and Correct the Arbitration Award. Order dated Aug. 23, 2011, ECF No. 12, at 1-2. Pursuant to the Court's August 23, 2011 Order, Priority One submitted a statement detailing the costs and attorney's fees it incurred, requesting an award of $9,369.50. ECF No. 13. W&T filed an opposition to this statement, arguing that Priority One's claim for $9,369.50 is unreasonable and excessive. Rsp't Opp'n Pet'r Claim Att'y's Fees & Costs, ECF No. 14. As explained below, W&T's opposition is without merit and Priority One is awarded attorney's fees and costs in the amount of $9,369.50.

I.     BACKGROUND

On November 3, 2010, Priority One initiated the instant lawsuit by filing a petition requesting the Court to confirm an arbitration award entered in its favor. Pet. Confirm

1

Arbitration Award, ECF No. 1.  On January 18, 2011, W&T moved to vacate, modify, and correct the arbitration award, arguing that the arbitration panel hearing the dispute exceeded its power, manifestly disregarded the law, and made a material miscalculation when calculating the damages award.  Resp't Mot. Vacate, ECF No. 6, at 1-2.  After Priority One filed an opposition to W&T's motion to vacate, W&T argued in its reply brief that the Court should grant its motion to vacate as conceded "due to the fact that [Priority One's] Opposition was filed more than 14 days after the date of service of [W&T's] motion in violation of [Local] Rule 7(b)."  Resp't Reply, ECF No. 8, at 1.  Priority One then sought leave to file a sur-reply, which the Court granted, in order to inform W&T that while Local Civil Rule 7(b) states that a party shall file an opposition "[w]ithin 14 days of the date of service," Federal Rule of Civil Procedure 6(d) adds three days in addition to the 14-day period listed in LCvR 7(b) if service is made electronically, as it was with W&T's motion.  Priority One's opposition was thus timely filed.  In its sur-reply, Priority One requested that the Court grant it the costs and fees associated with the filing of the motion for leave to file a sur-reply and the sur-reply itself.

On August 23, 2011, the Court granted in part and denied in part W&T's motion to vacate, correcting only the arbitration panel's calculation of prejudgment interest, and confirmed the arbitration award.  The Court additionally awarded Priority One "all costs, including reasonable attorney's fees, associated with the filing of Priority One's Sur-Reply," and directed Priority One to submit "a report detailing all such costs and fees."  Order dated Aug. 23, 2011, ECF No. 11, at 1-2.

On August 30, 2011, Priority One filed its petition for attorney's fees and costs, stating that it had incurred fees of $9,369.50 associated with preparing and filing its Sur-Reply, Motion for Leave to File Sur-Reply Brief, and its Statement for Attorney's Fees and Costs.  Pet'r Claim

Att'ys Fees & Costs, ECF 14.  The Court provided W&T one week to file a response, if any, to Priority One's petition.  On September 7, 2011, W&T filed its opposition, arguing that Priority One's claimed attorney's fees and costs are unreasonable because Priority One lumped tasks together, provided inadequate detail, and billed for irrelevant charges and duplicative activities.  Rspd't Opp'n Pet'r Claim of Att'ys Fees & Costs, ECF 14.  In addition, W&T argues that Priority One cannot collect fees associated with the preparation of the statement for attorney's fees and costs because Priority One has not provided an invoice for that portion of the fees.

Both Priority One's petition for attorney's fees and costs and W&T's opposition thereto are pending before the Court.  For the following reasons, the Court concludes that Priority One's petition is not unreasonable or excessive.  Accordingly, Priority One's request for $9,369.50 is granted.

## II.   STANDARD OF REVIEW

"A reasonable attorney's fees award is determined by calculating the 'lodestar' amount, which is the number of hours reasonably worked multiplied by a reasonable hourly rate." *Elec. Privacy Info. Ctr. v. U.S. Dep't Homeland Sec.*, No. 09-cv-2084, 2011 WL 4014308, *16 (D.D.C. Sept. 12, 2011) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  "While the [c]ourt is empowered to exercise its discretion in determining the fee amount, the plaintiff still bears the burden of establishing all elements of the requested fee award, including entitlement to an award, documentation of appropriate hours, and justifications of the reasonableness of billing." *Smith v. District of Columbia*, No. 02-cv-373, 2005 WL 914773, at *2 (D.D.C. Apr. 18, 2005) (citing *Blum v. Stenson*, 465 U.S. 886, 896 (1984)); *see also Heller v. District of Columbia*, No. 03-cv-213, 2011 WL 6826278, at *2 (D.D.C. Dec. 29, 2011).

To demonstrate the reasonableness of the number of hours expended, the fee petitioner must "submit[] invoices that are sufficiently detailed to 'permit the District Court to make an independent determination whether or not the hours claimed are justified.'" *Kaseman v. District of Columbia*, 329 F. Supp. 2d 20, 26 (D.D.C. 2004) (quoting *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1327 (D.C. Cir. 1982)). A fee petitioner need not present the exact number of minutes spent on the litigation, or the precise activity to which each hour was devoted. *Woodland v. Viacom, Inc.*, 255 F.R.D. 278, 281 (D.D.C. 2008) (citing *Concerned Veterans*, 675 F.2d at 1327). The application must, however, allow the Court to make its own evaluation of the hours claimed. *See id.* at 282 (quoting *Concerned Veterans*, 675 F.2d at 1327). The hours expended are justified if the work is "useful and of a type ordinarily necessary" to secure the result obtained. *Id.* at 283.

In determining the reasonableness of the hourly rate, "[a]n attorney's usual billing rate is presumptively the reasonable rate, provided that this rate is 'in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 280-81 (quoting *Kattan v. District of Columbia*, 995 F.2d 274, 278 (D.C. Cir. 1993) (citation omitted)). Where a case involves "two private litigants[,] the best measure of what the market will allow are the rates actually charged." *Yazdani v. Access ATM*, 474 F. Supp. 2d 134, 138 (D.D.C. 2007).

## III. DISCUSSION

Priority One has submitted an invoice detailing the hours it expended filing its Sur-Reply, Motion for Leave to File Sur-Reply Brief, and its Statement of Attorney's Fees and Costs. W&T does not contest the reasonableness of Priority One's hourly rate, but it disputes the claimed amount as unreasonable and excessive. Specifically, W&T argues that Priority One's invoice

lumps tasks together, charges for irrelevant and duplicative tasks, and lacks adequate detail. W&T also contends that this Court should not award Priority One fees associated with preparing the statement of attorney's fees and costs. Each of these contentions is addressed *seriatim*.

### A.  Priority One's Invoice Does Not "Lump Together" Tasks

W&T contends that Priority One's invoice lumps tasks together. The Court disagrees. Each entry in Priority One's invoice includes tasks that are clearly defined and logically related. Relying on *Fabi Construction Co., Inc. v. Secretary of Labor*, 541 F.3d 407 (D.C. Cir. 2008), W&T argues that Priority One may not include more than one task per time entry. This is incorrect. In *Fabi*, the plaintiffs had admitted that they could not collect fees for work done on public relations and press coverage, but still lumped these tasks with other tasks for which it intended to collect. *Id.* at 411. The court in *Fabi* concluded that because of these errors it was "unable to ascertain with certainty whether the correct deductions have been made." *Id.* Here, on the other hand, the Court has not stated its intent to exclude any charges, and the invoice entries provide the Court with sufficient information to evaluate the reasonableness and relevancy of each task.

### B.  The Tasks Listed in Priority One's Invoice are not Irrelevant or Duplicative

W&T claims that many of the tasks listed in Priority One's invoice are irrelevant to the sur-reply. For example, W&T argues that "[c]ertainly it was not necessary to review Petitioner's entire Reply Brief when the issue giving rise to the Sur-Reply covered only two pages of Respondent's 20-page Reply Brief." Rsp't Opp'n Pet'r Claim Att'y's Fees & Costs, ECF 14, at 2. According to W&T, "this Court would have made the same ruling on the timeliness issue whether Petitioner filed a sur-reply or not." *Id.* at 9. W&T argues further that many of the claimed hours are irrelevant because the sur-reply involved "miniscule legal research with almost

no substantive complexity." *Id.* at 6. For that reason, W&T states that email exchanges, review of briefs and correspondence, and strategy sessions should not be included in Priority One's invoice because they are "totally unrelated to the Sur-Reply." *Id.* at 2.

This argument is erroneous. As an initial matter, Priority One was entitled to read W&T's entire reply brief so that it could decide whether to file, and, if so, which arguments to address in its sur-reply. More significantly, W&T ignores that its own frivolous argument gave rise to the expenses it now contests as unreasonable. W&T itself proffered the argument that it now claims requires only "miniscule legal research with almost no substantive complexity" to refute. *Id.* at 6. Regardless, Priority One's attorneys were entitled to review the reply brief, exchange emails, and strategize on an appropriate response. The fees associated with legal review and correspondence were thus "useful and of a type ordinarily necessary" to properly research and file Priority One's sur-reply. *See Woodland*, 255 F.R.D. at 283 (citing *Kister v. District of Columbia*, 229 F.R.D. 326, 330 (D.D.C. 2005)).

W&T additionally claims that "much of the work was duplicative and should be substantially reduced." Rsp't Opp'n Pet'r Claim Att'y's Fees & Costs, ECF 14, at 5. W&T's argument is essentially that numerous attorneys expended time to research, draft, finalize, and file the sur-reply and motion for leave to file the sur-reply. This, however, is not unusual or inappropriate. While parties should not be reimbursed for duplicative tasks, none of the tasks identified in Priority One's invoice appear unnecessarily duplicative.

**C. Priority One's Invoice Does Not Lack Adequate Detail**

W&T argues that Priority One's entries lack adequate detail to determine the subject of the task completed. W&T relies on *In re Meese*, 907 F.2d 1192, 1204 (D.C. Cir. 1990) (per curiam), for the proposition that each task within a time entry must specifically detail the subject

matter. In that case, the Court reduced the requested fee award because the entries were "replete with instances where no mention is made of the subject matter of a meeting, telephone conference or the work performed during hours billed." *Id.* at 1204. Entire entries—not just individual tasks listed within the entries—lacked details regarding the subject matter of the task performed. Priority One's invoice, on the other hand, contains descriptions for each task that explain how the tasks relate to the sur-reply. W&T's contention that the fee award should be reduced for lack of detail is therefore rejected.

### D. Fees Associated with the Filing of Priority One's Fee Statement Are Properly Documented

Finally, W&T argues that the Court should not award Priority One fees associated with the filing of its fee statement because Priority One has not provided appropriate documentation for those charges. The Court does not agree.

Priority One requests reimbursement for the attorney's fees it incurred in connection with the filing of its fee statement, but plaintiff's counsel states that "because [it] has not yet billed Priority One for the time spent preparing the Statement, at this time there is no billing invoice that reflects those hours." Pet'r's Fee Statement, ECF No. 13, Decl. Michael J. Klisch, at 2 n.1. Priority One does provide, however, a declaration from its counsel, Mr. Michael J. Klisch, which attests that he spent 1.2 hours preparing the statement and conferring with an associate on the filing. *Id.* ¶ 8. Mr. Klisch further declares that an associate, Joshua Siegel, performed an additional 3.5 hours preparing the statement. *Id.* ¶ 10. The task of ensuring the completeness and accuracy of a fee statement, including the correct allocation of time spent by multiple professionals on tasks is not trivial and can be painstaking. Indeed, the partner in charge of this matter "personally reviewed the time entries . . . and/or interviewed [each of the professionals] to discuss their work and billing entries." *Id.* ¶ 15. Although Priority One has not filed an invoice

7

for these charges, the declaration of Mr. Klisch is more than sufficient to allow the Court to make an "independent determination whether or not the hours claimed are justified." *Kaseman*, 329 F. Supp. 2d at 26 (stating that the documentation provided must allow the court "to make an independent determination whether or not the hours claimed are justified"). The Court concludes that they are.

### IV.   CONCLUSION

As explained above, Priority One's request for attorney's fees are not unreasonable or excessive. Accordingly, Priority One's request for $9,369.50 is granted. An Order consistent with this Memorandum Opinion will be entered.

**DATE: JANUARY 22, 2012**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge